905 So.2d 498 (2005)
Patricia A. BOOKER
v.
INTERNATIONAL RIVERCENTER d/b/a New Orleans Hilton Riverside & Towers.
No. 2004-CA-1980.
Court of Appeal of Louisiana, Fourth Circuit.
June 22, 2005.
Rehearing Denied July 15, 2005.
*499 Patricia A. Booker, Westwego, LA, in Proper Person/ Appellant.
C. Kelly Lightfoot, Hailey, McNamara, Hall, Larmann & Papale, L.L.P., Metairie, LA, for Defendant/Appellee, International Rivercenter d/b/a New Orleans Hilton Riverside and Towers.
(Court composed of Judge TERRI F. LOVE, Judge MAX N. TOBIAS, JR., Judge LEON A. CANNIZZARO, JR.).
LEON A. CANNIZZARO, JR., Judge.
The plaintiff, Patricia A. Booker, appeals from a judgment of the Office of Workers' Compensation Administration that dismissed *500 her claim for workers' compensation benefits. We affirm.

Facts and Procedural History
The defendant, International Rivercenter d/b/a New Hilton Riverside and Towers ("the Hilton"), hired Ms. Booker to work full-time as a room attendant in January 2000. In connection with her employment, Ms. Booker used several professional strength cleaning products that contained various chemicals to clean the rooms, bathrooms, floors and carpets. In April 2001, Ms. Booker developed a respiratory illness, including shortness of breath, a dry cough, and chest discomfort that made working difficult. She asked Ms. Doris Taylor, the Hilton's assistant director of housekeeping and her immediate supervisor, if she could see a doctor because she thought the cleaning products were making her ill. Ms. Taylor refused the request because she did not believe Ms. Booker's illness was job related. Ms. Booker continued to work despite the progression of the respiratory ailment.
In September 2001, Ms. Booker was injured in a car accident and taken to Charity Hospital[1] for treatment. The results from a chest x-ray taken at that time indicated enlargement of the lymph glands in Ms. Booker's upper and middle lungs. The doctors gave possible diagnoses as granulomatous disease[2], tuberculosis, a fungal infection or sarcoidosis[3]. After her discharge from the hospital, Ms. Booker did not return to work at the Hilton.
On November 14, 2001, Ms. Booker filed a disputed claim for compensation with the Office of Workers' Compensation, alleging that she was injured on April 1, 2001, from inhaling cleaning chemicals while in the course and scope of her employment and that the Hilton failed to authorize medical treatment for her. Ms. Booker sought disability benefits, medical expenses, attorney fees and penalties. The Hilton answered the claim, denying that Ms. Booker was injured in a work related accident.
Meanwhile, Ms. Booker continued to seek medical treatment for the respiratory ailment at Charity Hospital and the LSUHSC clinics. After taking the deposition of her treating physician, Stephen P. Kantrow, M.D., the Hilton filed a motion for summary judgment, arguing that Ms. Booker could not satisfy her burden of proof and the claim should be dismissed. To support its motion, the Hilton submitted Dr. Kantrow's deposition in which he testified that Ms. Booker had been diagnosed as having sarcoidosis, a respiratory disease that was not likely job related. Following a hearing, at which neither Ms. Booker nor her attorney appeared, the workers' compensation judge granted summary judgment in favor of the Hilton and dismissed the claim. Ms. Booker filed a motion for new trial, which the judge granted after learning that Ms. Booker's counsel had withdrawn from the case and Ms. Booker was not aware that she had to appear at the hearing.
At the trial on the merits, Ms. Booker was the only witness to testify and the parties stipulated to the introduction of her medical and employment records, as well as Dr. Kantrow's deposition. After the trial, the workers' compensation judge rendered judgment dismissing Ms. Booker's *501 claim. The judge specifically found that Ms. Booker was not able to meet her burden of proving that her medical condition of sarcoidosis was caused or aggravated by her work for the Hilton.
Ms. Booker appeals, arguing that the trial court erred in concluding that she had not met her burden of proof.

Standard of Review
It is well settled that factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. Seal v. Gaylord Container Corp., 97-0688, p. 4 (La.12/2/97), 704 So.2d 1161, 1164; Banks v. Industrial Roofing & Sheet Metal Works, 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556. In applying the manifest error  clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. Seal, 97-0688 at p. 4, 704 So.2d at 1164. If the fact finder's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Banks, 96-2840 at p. 8, 696 So.2d at 556.

Discussion
An injured employee is entitled to receive benefits for an injury that arises out of and in the course and scope of his employment. La. R.S. 23:1031. The injured employee bears the initial burden of establishing the causal connection between the disability and the employment accident by a reasonable preponderance of the evidence. Quinones v. U.S. Fidelity & Guar. Co., 93-1648, p. 6 (La.1/14/94), 630 So.2d 1303, 1306-07. An employee's disability will be presumed to have resulted from an employment accident if before the accident the plaintiff was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves, provided that the evidence shows that there is a reasonable possibility of causal connection between the accident and the disabling condition. Doucet v. Baker Hughes Production Tools, 93-3087, p. 3 (La.3/11/94), 635 So.2d 166, 167. While the worker's testimony alone may be sufficient to discharge her burden of proof, it will be inadequate where (1) other evidence discredits or casts serious doubts upon the worker's version of the incident; or (2) the worker's testimony is not corroborated by the circumstances following the alleged incident. See Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992).
Ms. Booker testified at trial that she started working at the Hilton in January 2000 as a housekeeper; however, it was not until April 2001 that she first manifested respiratory problems that she believed were related to her exposure to the cleaning products used at work. She testified that prior to that time, she had never experienced any respiratory illness. According to Ms. Booker, the respiratory illness had progressed to the point at which she could barely walk or climb stairs; thus, she had to quit her job. Ms. Booker's medical and employment records corroborate her testimony.
Dr. Kantrow, who is board certified in pulmonary medicine and critical care, testified at his deposition that he first examined Ms. Booker in late January 2002 when she returned to the LSUHSC clinic for a follow-up visit. He had Ms. Booker undergo several diagnostic tests, including a bronchoscopy and a transbronchial biopsy. Based on the tests results, Dr. Kantrow diagnosed Ms. Booker as having sarcoidosis and granulomatous disease. He testified that sarcoidosis occurs predominantly in young adults between the ages of *502 20 and 40, and is most common among northern Europeans and African Americans. Dr. Kantrow testified that although the cause of sarcoidosis is not known, there is a genetic component with the disease that explains its prevalence in certain populations, particularly in African Americans. He also confirmed that Ms. Booker falls within the category of persons who are mostly likely to have sarcoidosis. Dr. Kantrow further explained that in over half the cases, sarcoidosis appears briefly and heals naturally within a short period of time, yet in a small percentage of patients the condition is chronic, lasting for many years.
When asked whether he believed Ms. Booker's sarcoidosis was caused by or related to her exposure to the cleaning products and chemicals used at her job, Dr. Kantrow responded, "I think the likelihood that chemicals caused this condition is remote." Defense counsel also asked Dr. Kantrow the following question:
Just so I'm clear on the record, and I appreciate your testimony so far, you are not in a position to testify to a reasonable degree of medical certainty that any exposure to cleaning chemicals that Ms. Booker had while she worked as a housekeeper at the Hilton was more probable than not a cause of her pulmonary condition?
To which he answered, "That's correct."
At the end of the trial, the workers' compensation judge stated,
I was struck by reading Dr. Kantrow's deposition who is, from what I could tell, not only does internal medicine, but an expert in pulmonary medicine. He testified between pages 18 and 21 that he does not really know what causes it and also that he knows of no connection between [s]arcoidosis and cleaning products. In fact, he stated and he was clear on page 21 that he could not testify with any degree of medical certainty that Ms. Booker's work at the Hilton Riverside most (sic) probably than not caused her condition . . . Your own doctor is not even making a connection. So, I'm going to have to and I'm sorry, but the claimant didn't carry the burden of proving either an accident or an injury. There's no medical evidence to support it, so I'm going to have to render judgment for the defendant."
After reviewing the record before us, we find no error in the workers' compensation judge's determination that Ms. Booker did not satisfy her burden of proving her sarcoidosis was either caused or aggravated by her exposure to the cleaning products used during the course and scope of her employment as a room attendant at the Hilton. The judge's conclusions are clearly reasonable and supported by the evidence presented at the trial.

Conclusion
Accordingly, for the reasons stated herein, the judgment of the Office of Workers' Compensation Administration dismissing Ms. Booker's claim for workers' compensation benefits is affirmed.
AFFIRMED
NOTES
[1] Louisiana State University Health Sciences Center (LSUHSC), Medical Center of Louisiana at New Orleans.
[2] This disease is characterized by the presence of granulomas, which are small areas of inflamed cells that can appear either inside the body or on the body's exterior, appearing as sores on the face or shins.
[3] Sarcoidosis is a granulomatous disease that is found in the lungs. It can cause loss of lung volume and abnormal lung stiffness.