996 So.2d 291 (2008)
Judy WILLIAMS
v.
CHILDREN'S HOSPITAL.
No. 2007-CA-0464.
Court of Appeal of Louisiana, Fourth Circuit.
January 23, 2008.
*292 Christopher R. Schwartz, Christopher Schwartz, Attorney at Law, Metairie, LA, for Plaintiff/Appellant.
Thomas P. Hubert, Christopher S. Mann, Jones Walker Waechter Poitevent Carrere & Denegre, L.L.P., New Orleans, Louisiana, for Defendant/Appellee.
(Court composed of Judge CHARLES R. JONES, Judge JAMES F. McKAY III, Judge ROLAND L. BELSOME).
JAMES F. McKAY, III, Judge.
The appellant, Judy Williams, appeals the final judgment of the Office Workers' Compensation Court ("OWC") dated June 20, 2006, which dismissed her claim for indemnity benefits finding that she failed to carry her burden of proof that she is entitled to Workers' Compensation Benefits after August 16, 2004. After reviewing the record in light of the applicable law and arguments of the parties, we affirm the OWC judgment.

*293 RELEVANT FACTS
It is undisputed that the appellant was employed at Children's' Hospital when she was injured as a result of a slip and fall during the course and scope of her employment on November 9, 2002. It is also undisputed that Ms. Williams was paid temporary total disability from February 6, 2003 through August 16, 2004. What is in dispute is whether the claimant is entitled to temporary total disability benefits subsequent to August 16, 2004.

DISCUSSION
The appellant argues that the OWC was in error in finding that she failed to meet her burden of proof that she is entitled to indemnity benefits.
In Montgomery v. Orleans Parish School Bd., XXXX-XXXX (La.App. 4 Cir. 6/2/04), 876 So.2d 870, this Court recently discussed the standard of review in workers' compensation cases, stating: It is well settled that factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. Seal v. Gaylord Container Corp., 97-0688, p. 4 (La.12/2/97), 704 So.2d 1161, 1164; Booker v. International Rivercenter, 04-1980 (La.App. 4 Cir. 6/22/05), 905 So.2d 498. Therefore, the issue to be resolved by this court is not whether the workers' compensation court was right or wrong, but whether its conclusion was a reasonable one based on the entire record. See Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). Montgomery, XXXX-XXXX, p. 3-4, 876 So.2d 870, 873. Thus, if the evidence contained in the record on appeal supports the factual determinations of the trier of fact, we are required to affirm the findings.
At trial the disputed issue was whether the claimant was entitled to temporary total disability benefits subsequent to August 16, 2004. After considering the evidence and the testimony at trial the court issued a final judgment on June 20, 2006 finding that the claimant had failed to carry her burden of proof that she was entitled to indemnity benefits after August 16, 2004. The trial court dismissed the claimant's claim for indemnity benefits with prejudice.
To prove entitlement to temporary total disability benefits or permanent total disability benefits, pursuant to La. R.S. 23:1221(1)(C) and (2)(C), a claimant must establish:
"by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment."
In the absence of such evidence, a claimant's demand for temporary total or permanent total disability benefits fails. Bonvillain v. Preferred Industries, XXXX-XXXX (La.App. 1 Cir. 5/27/05), 917 So.2d 1, 6. To prevail at a workers' compensation hearing, a claimant seeking benefits must establish by "clear and convincing" evidence that 1) he sustained an injury in the course and scope of his employment; 2) he is disabled; and 3) a causal connection between his disability and the employment-related injury exists. Wilkerson v. City of New Orleans Fire Dept., 03-1550, p. 2 (La.App. 4 Cir. 3/3/04), 871 So.2d 375, 377, citing, Daniel v. New Orleans Public Service, 02-2427, p. 5 (La.App. 4 Cir. 12/3/03), 861 So.2d 721, 725. Based on the facts these factors are not at issue. Nevertheless, our own jurisprudence further instructs *294 that in order to carry the burden of proving disability by clear and convincing evidence, the claimant must present "objective medical evidence." Id. at 726.
Children's Hospital argues that claimant was released to return to work by every physician that she has seen. On July, 9, 2003, claimant underwent a functional capacity evaluation that revealed she was capable of returning to work at light duty. Based on this evaluation Children's Hospital created a job in The Ambulatory Care Center that met the claimant's restrictions. Based on the record before us the entire objective medical evidence introduced at trial established that the claimant is physically capable of engaging in employment, specifically the light duty position that Children's Hospital offered her.
Children's Hospital offered this actual position to claimant on four separate occasions after September 2003. On December 11, 2003, Children's Hospital offered the job to claimant and requested that she report to work on December 19, 2003. On January 16, 2004, she was again offered the job requesting that she report to work on January 26, 2004. On May 12, 2004, claimant was once again offered this position and requesting that she report to work on May 18, 2004. Finally, on August 23, 2004, Children's Hospital again offered the job to claimant requesting that she report to work on August 30, 2004.
At trial the claimant admitted that Children's Hospital not only made these job offers but that they were within her physical restrictions. She also admitted that she made no effort to return to work despite these accommodations.
The court below correctly found that the claimant has failed to prove by clear and convincing evidence that she was entitled to further benefit after August 16, 2004. After a careful review of the record before this Court we find that the Workers' Compensation Court's judgment was not manifestly erroneous or clearly wrong. Therefore, we affirm the judgment.
AFFIRMED.