MADELEINE M. LANDRIEU, Judge.
hLontraill Griffin seeks review of the judgment rendered by the Office of Workers’ Compensation Judge (“WCJ”) dismissing his “Disputed Claim for Compensa *1123 tion.” For the reasons set forth below, we amend and affirm as amended.
FACTS
On August 24, 2010, Mr. Griffin was employed as a maintenance worker by the State of Louisiana, through the Interim LSU Public Hospital, formerly known as the Medical Center of Louisiana at New Orleans (“MCLNO”). On that date, Mr. Griffin was in the freight elevator of the hospital going from the first floor to the basement. The elevator dropped suddenly and became stuck between floors. Mr. Griffin was trapped in the elevator for approximately two and one-half hours.
Mr. Griffin made a claim against his employer for injuries that he alleges he sustained in this accident. His employer paid both medical expenses and indemnity benefits for a period of time, but terminated these payments on May 19, 2011. Mr. Griffin brought this action challenging the termination of his benefits.
| ¡¿Prior to the hearing, the parties stipulated that on or about August 24, 2010, Mr. Griffin was involved in a work-related accident while in the course and scope of his employment with MCLNO, that MCLNO was self-insured, and that Mr. Griffin’s average weekly wage was $438.79. Mr. Griffin alleged that he suffered disabling back injuries in this accident and that he was unable to return to work. MCLNO asserted that the back injury Mr. Griffin allegedly sustained pre-dated this accident, and that the accident of August 24, 2010 did not exacerbate this preexisting injury beyond that for which they paid benefits.
ISSUES
I. Whether the WCJ erred in finding that Mr. Griffin failed to prove that he suffered a disabling injury while in the course and scope of his employment on August 24, 2010.
II. Whether the WCJ erred in failing to award penalties and attorney’s fees to Mr. Griffin.
DISCUSSION
It is well settled that factual findings in workers’ compensation cases are subject to the manifest error or clearly wrong standard of appellate review. Winford v. Conerly Corp., 2004-1278, p. 15 (La.3/11/05), 897 So.2d 560, 569; Masinter v. Akal Sec., 2005-1236, p. 3 (La.App. 4 Cir. 6/7/06), 934 So.2d 201, 204. In applying the manifest error standard, the appellate court must determine not whether the fact finder was right or wrong, but whether the fact finder’s conclusion was a reasonable one. Bell v. Mid City Printers, Inc., 2010-0818, p. 7 (La.App. 4 Cir. 12/22/10), 54 So.3d 1226, 1232 (citing Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 6 (La.7/1/97), 696 So.2d 551, 556). Thus, if the evi dence contained in the record on appeal supports the factual determinations of the trier of fact, we are required to affirm the findings.
I. The WCJ did not err by finding that the claimant failed to meet his burden of proof.
La. R.S. 23:1221(l)(c) provides that a claimant who seeks workers’ compensation benefits on the basis that he is temporarily totally disabled must prove by clear and convincing evidence, unaided by any presumption of disability, that he is physically unable to engage in any employment or self-employment, regardless of its nature, including employment while working in pain. Williams v. Children’s Hospital, 2007-0464, p. 3 (La.App. 4 Cir. 1/23/08), 996 So.2d 291, 293. To prevail at a workers’ compensation hearing, a claimant seeking benefits must establish by “clear and convincing” evidence that (1) he *1124 sustained an injury in the course and scope of his employment; (2) he is disabled; and (3) a causal connection between his disability and the employment-related injury exists. Id.; see also, Wilkerson v. City of New Orleans Fire Dept., 2003-1550, p. 2 (La.App. 4 Cir. 3/3/04), 871 So.2d 375, 377 (citing Daniel v. New Orleans Public Service, Inc., 2002-2427, p. 5 (La.App. 4 Cir. 12/3/03), 861 So.2d 721, 725). To carry the burden of proving disability by clear and convincing evidence, the claimant must present “objective medical evidence.” Williams, 2007-0464, p. 3, 996 So.2d at 294.
In rendering judgment for MCLNO, the WCJ found that Mr. Griffin lacked credibility and failed to meet his burden of proof. The record supports this conclusion.
|4Two of the three doctors who evaluated Mr. Griffin for his work-related injury concluded that Mr. Griffin had reached maximum medical improvement and could be released to work. Thus, the evidence supported a finding that the employer’s termination of benefits was appropriate. Perhaps more compelling, however, was the fact that the nature and extent of Mr. Griffin’s injuries while he was receiving benefits was called into question.
Mr. Griffin alleged that the accident in question caused him to experience lower back pain, which caused numbness in his left leg and precluded him from working. The evidence presented by MCLNO established that Mr. Griffin had visited the emergency room two times for back pain (March 23, 2010 and June 27, 2010) prior to his August 24, 2010 workplace accident; however, Mr. Griffin subsequently failed to report these two prior incidents in any of the histories he provided to the doctors who later treated or examined him for his work-related injury. Additionally, Mr. Griffin had undergone two prior MRIs of his back, one in April 2010 and one in April 2008, which he also did not report to his doctors. Both of these MRIs showed disc disease/herniation at L4/5, the same injuries Mr. Griffin claims he suffered in this work-related accident. Dr. Kevin Martinez, who performed a “second medical opinion” examination, noted in his records that it was his practice to take a patient’s history and complaints of pain at face value, but in Mr. Griffin’s case, this was difficult to do. In his report, Dr. Martinez noted that Mr. Griffin was “flatly dishonest with me about the pre-existing injuries and MRI of April, 2010 and April 9, 2008.” Dr. Martinez and Dr. William Soileau both noted that Mr. Griffin only filled the prescriptions for pain killers and did not get the recommended physical therapy. Both physicians concluded that Mr. Griffin | Swas no longer benefitting from continued care and that his injury pre-dated his work-related accident.
Although Mr. Griffin testified that prior to the August 24, 2010 accident he had not suffered back pain as severe as the pain he experienced afterward, the WCJ found his testimony in this regard to lack credibility. In his judgment, the WCJ specifically stated that he had “considered the testimony, demeanor, and credibility of the claimant, and other witnesses” before rendering judgment in favor of the employer. There is substantial documentary and testamentary evidence in the record demonstrating that the August 24, 2010 workplace accident was not the cause of Mr. Griffin’s low back injury and that the accident did not exacerbate his pre-existing injury beyond that for which he was paid benefits. Thus, we find no error on the part of the lower court.
II. Penalties and Attorneys’ Fees
Mr. Griffin argues that he is entitled to an award of penalties and attorney’s fees *1125 on two statutory grounds: La. R.S. 23:1201(1) and La. R.S. 23:1201(F).
Mr. Griffin first argues that the WCJ’s failure to award penalties and attorney’s fees for MCLNO’s discontinuance of his benefit's on May 19, 2011 constitutes manifest error.
La. R.S. 23:1201(1) states, in pertinent part:
Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of a penalty not to exceed eight thousand dollars and a reasonable attorney fee for the prosecution and collection of such claims....
| ¡fin the instant case, the WCJ found the employer’s decision to terminate benefits to be proper. Because Mr. Griffin was not entitled to further benefits, the WCJ properly concluded that MCLNO’s decision to terminate benefits was neither arbitrary, capricious nor without probable cause. Thus, Mr. Griffin was not entitled to attorney’s fees or penalties pursuant to La. R.S. 23:1201(1).
Second, Mr. Griffin argues that he is entitled to an award of penalties and attorney’s fees pursuant to La. R.S. 23:1201(F). This provisions states, in pertinent part:
Failure to provide payment in accordance with this Section ... shall result in the assessment of a penalty in the amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in which any and all compensation or medical benefits remain unpaid ... together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim.[1]
This provision penalizes an employer for failing to timely pay an injured worker the benefits due to him. Unlike La. R.S. 23:1201(1), which applies to the discontinuance of benefits, this section does not require a finding that the employer’s conduct be arbitrary or capricious. When an employer fails to pay in accordance with the requirements of La. R.S. 23:1201(A) through (E), Section (F) of the statute mandates an award of a penalty and reasonable attorney’s fees.
Mr. Griffin alleged that the employer’s first temporary total disability payment made to him was untimely. This Court finds that Mr. Griffin failed to present evidence to support this allegation. The employer testified that the first payment was made timely, and the records introduced into evidence support this 17testimony. Mr. Griffin failed to refute this testimony and did not present any documentary evidence to the contrary. We find that the WCJ’s decision not to award penalties and attorney’s fees for this claim does not constitute manifest error.
There was, however, undisputed evidence that some of the indemnity payments tendered to Mr. Griffin over a period of approximately seven months were for an insufficient amount. The WCJ found that this error was due to an innocent mistake made by the employer. The WCJ further found that once the employer discovered the error, it immediately corrected it and paid Mr. Griffin what he was owed. The WCJ concluded that the underpayments were not the result of an arbitrary and/or capricious decision by the employer *1126 and denied an award for penalties and attorney’s fees.[2]
Mr. Griffin contends that La. R.S. 2S:1201(F) provides that penalties and attorneys fees are due under these facts. We agree.
The determination of whether an employer in a workers’ compensation case should be cast with penalties and attorney fees is essentially a question of fact subject to the manifest error or clearly wrong standard of review. Avenue Surgical Suites v. Jo Ellen Smith Convalescent Ctr., 2011-0026, p. 12 (La.App. 4 Cir. 5/18/11), 66 So.3d 1103, 1111 (citing James v. A & B Builders, 09-0781, p. 8 (La.App. 1 Cir. 10/23/09), 29 So.3d 541, 546).
Courts have held that an employer cannot urge in its defense its own poor clerical work or administrative lapses to escape penalties for nonpayment of workers’ compensation benefits. Lafleur v. Alec Elec., 2004-0003, p. 9 (La.App. 1 Cir. 12/30/04), 898 So.2d 474, 480, citing, Rollins v. Glitsch Field Services, Inc., 97-1404, p. 9 (La.App. 3 Cir. 5/13/98), 713 So.2d 674, 678, writ denied 98-1590 (La.9/18/98), 724 So.2d 763. The fact that MCLNO discovered the mistake itself and corrected the mistake does not insulate it from an award of penalties and attorneys’ fees pursuant to La. R.S. 23:1201(F). Thus, we find that the WCJ erred in not awarding penalties and attorneys fees for the period during which Mr. Griffin was underpaid.
Pursuant to the provisions of the statute and given the uncontested evidence in the record, we find that Mr. Griffin is entitled to the maximum penalty of $2,000.00 and reasonable attorney’s fees in the amount of $1,000.00.
CONCLUSION
Accordingly, for the reasons stated, we amend the judgment of the Office of Workers’ Compensation to include penalties of $2,000.00 and attorney’s fees of $1,000.00 and affirm as amended. In all other respects, we affirm the judgment of the Office of Workers’ Compensation.
AMENDED AND AFFIRMED AS AMENDED

. Emphasis ours.

. The WCJ's judgment adopts the employer’s post-trial brief as its Reasons for Judgment.