TOBIAS, J.,
dissents in part and assigns reasons.
11Workers’ compensation benefits are available for an employee who suffers an injury that produces a temporary total disability preventing the employee from engaging in any self-employment or other occupation for wages. But compensation for temporary total disability may only be awarded if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment. La. R.S. 23:1221(1); Buxton v. Iowa Police Dept., 09-0520, p. 21 (La.10/20/09), 23 So.3d 275, 288. That is, the employee must prove that he or she is physically unable to engage in any employment or self-employment, regardless of the nature or character of the work, including but not limited to employment while working in pain. Williams v. Children's Hospital, 07-0464, p. 3 (La.App. 4 Cir. 1/23/08), 996 So.2d 291, 293. To prove a matter by clear and convincing evidence means to demonstrate that the existence of a disputed fact is highly probable, that is, much more probable than its nonexistence. Iberia Medical Center v. Ward, 09-2705, p. 16 (La.11/30/10), 53 So.3d 421, 432.
In the instant case, the record on appeal is totally devoid and contains no evidence that after 18 September 2013 Deborah Gaines was physically unable to engage in any type of employment; the only evidence to support the finding of ^temporary total disability subsequent 18 September 2013 is Ms. Gaines uncorroborated testimony, which was contested, and various medical records that do not address in any manner Ms. Games’ physical inability to work. Because a mere preponderance of the evidence is insufficient to establish temporary total disability, I am constrained to find that the evidence presented does not meet the objective standard of clear and convincing evidence required by La. R.S. 23:1221(l)(c). The hearing officer was legally wrong to conclude otherwise.
To be more specific, the record on appeal does not support the decision of the majority that the plaintiff, Ms. Gaines, was temporarily totally disabled from 8 April 2013 (the date of the dog-bite) forward. To be entitled to temporary total disability benefits, Ms. Gaines must present clear and convincing evidence that he or she is/was unable to work at any type of employment whatsoever because of her physical condition; the fact that she would be working in pain is not proof that she is *809 totally disabled. Buxton v. Iowa Policy Dept. 09-0520, p. 21 (La.10/20/09), 23 So.3d 275, 289 283. The “clear and.convincing” standard is a heavier burden of proof than the usual civil case standard of “preponderance of the evidence,” but is less burdensome than the “beyond a reasonable doubt” standard of a criminal prosecution. Chatelain v. State, Dept. of Transp. and Development, 586 So.2d 1373, 1378 (La.1991). Therefore, “[t]o prove a matter by ‘clear and convincing1 evidence means to demonstrate that the existence of a disputed fact is much more probable than its nonexistence.” Hall v. MacPapers, Inc., 11-1548, pp. 5-6 (La.App. 4 Cir. 5/30/12), 95 So.3d 1131, 1135 (citing Molin-ete v. Vinson Guard Service, Inc., 05-0116, p. 5 (La.App. 4 Cir. 7/13/05), 914 So.2d 566, 571, citing Louisiana State Bar Ass’n v. Edwins, 329 So.2d 437 (La.1976)) [emphasis supplied]. Also, to carry the burden of proving disability by clear and convincing evidence, the employee must present “objective medical evidence” of the disabling injury. Duplessis v. Tulane University Medical Center, 10-0267, p. 3 (La.App. 4 Cir. 8/25/10), 47 So.3d 992, 995; Williams, 07-0464, p. 3, 996 So.2d at 293-294; Jackson v. Sysco Food Services, 05-1304, p. 2 (La.App. 4 Cir. 6/7/06), 934 So.2d 191, 193; Daniel v. New Orleans Public Service, 02-2427, p. 6 (La.App. 4 Cir. 12/3/03), 861 So.2d 721, 726.
Our brethren in the First, Third, and Fifth Circuits likewise require that the claimant present “objective medical evidence” of the disabling injury in order to carry the burden of proving temporary total disability by clear and convincing evidence. , See Roussell v. St. Tammany Parish School Bd., 04-2622, p. 10 (La.App. 1 Cir. 8/23/06), 943 So.2d 449, 458; Lambert v. Brookshire Grocery, 06-1001, p. 5 (La. App. 3 Cir. 12/20/06, 945 So.2d 918); and Jimmerson v. Johnson Storage & Moving Co., 13-962, p. 6 (La.App. 5 Cir. 5/14/14), 142 So.3d 111, 116. The Second Circuit, however, does not expressly require “objective medical evidence” to satisfy one’s burden of clear and convincing evidence, but rather, holds that “[a] claimant may prove disability through medical and lay-testimony; the judge must weigh all of the evidence to determine if the claimant has met his burden- of proving temporary total disability.” Frazier v. Dollar General, 37,-298, pp.4-5 (La.App. 2 Cir. 8/22/03),- 852 So.2d 1263, 1269. Thus, a conflict exists between the circuit courts of appeal of this state regarding the necessity for objective medical evidence.
Ms. Gaines testified that on 13 April 2013, five days after the accident, she presented' to the emergency room at Touro Infirmary (“Touro”) complaining of pain in her abdomen and lower back, A CT scan of her abdominal cavity showed a small umbilical hernia and a cyst on her liver. After receiving prescriptions for pain medication, Ms. Gaines was instructed to follow-up with her primary care physician, Dr. Henry Evans, in the next- four to six days. Ms. Gaines asserted that she specifically told the emergency room physician at Touro about the earlier dog-bite accident, relating the onset of her back pain to-this incident, and that she Ladvised the physician that she had a follow-up visit scheduled at Concentra for several days later. Touro records disclose no account of a dog-bite incident.
When Ms. Gaines returned to Concentra for her previously scheduled follow-up appointment on 15 April 2013, she testified that in addition to the right leg pain she was experiencing, she also complained to the treating physician at Concentra of the pain in her back, which she related to the dog-bite incident. Despite her complaints of .back pain, the treating physician at Concentra discharged her to return to work that day with no restrictions.
*810 According to Ms, Gaines, she continued to work for Home- Care Solutions, LLC (“Home Care”) for a month following the accident performing the full duties of her position as a caregiver. Ms. Gaines further testified that on 8 May 2013, she followed up with Dr. Evans as previously instructed at Touro. Ms. Gaines testified that she continued to receive ongoing care and treatment from Dr. Evans (actually, Dr. Evans’- nurse) for her low back pain and asserted disability related to the dog-bite, accident from May-2018 through the date of trial in March 2015, and asserted that Dr. Evans had not released her to return to work in any capacity during that time. However, the record on appeal does nqt support her contention. Rather, no evidence exists in the record, save Ms. Gaines’ uncorroborated statement, that any physician said she was unable to perform any gainful employment after 18 September 2013.
The record only supports her assertion and then only through 18 September 2013, the date by which Dr. Boyd Helm instruct: ed her to return for further review of her condition.[1] Ms. Gaines did see Dr. Helm on 21 August 2013, who | ^prescribed physical therapy. After four therapy treatments in late August, she ceased further treatment until she returned to Dr. Evans in March 2014.
On 6 February 2014, approximately ten months following the dog-bite accident, and nearly six months since her last treatment with Dr. Evans or Dr. Helm, Ms. Gaines was seen in the emergency room-at Ochsner ■ Hospital where she presented with complaints of chronic pain to her lower baók, in addition to pain associated with an abdominal hernia. Ms, Gaines did complained of lower back pain since she twisted it while being bitten by a dog at work in April the previous year. According to the Ochsner records in evidence, Ms. Gaines’ physical examination and clinical history were consistent with a diagnosis of “lumbago,” otherwise referred to as pain in the lumbar region of the back. Ms. Gaines was treated with analgesics and discharged with a prescription for pain and instructions to follow up with her primary care physician. Again, no evidence exists that Ms, Gaines was unable to work save her uncorroborated statements to that effect.
The provisions of the Louisiana workers’ compensation law are to be interpreted liberally in favor of the worker in order to effectuate its purpose of relieving workers of the economic burden of work-connected injuries by diffusing the costs on channels of commerce. McLin v. Industrial Specialty Contractors, Inc., 02-1539, p. 3 (La.7/2/03), 851 So.2d 1135, 1139. Nevertheless, despite such liberal construction, the worker bears the burden of proving the personal injury resulting from a work accident by a preponderance of the-evidence. Id.; La. R.S. 23:1031. In Buxton, quoting its earlier pronouncement set forth in Prim v. City of Shreveport, 297 So.2d 421, 422 (La.1974), the Supreme Court stated:
*811 Although procedural rules are construed liberally in favor of workmen’s compensation claimants, the burden of proof, by a preponderance of the evidence, is not relaxed. Thus, the testimony as a whole must show that more Improbably than not an employment accident occurred and that it had a causal relation to the disability; If the testimony leaves the probabilities equaEy balanced, the plaintiff has failed to carry the burden of persuasion. Likewise, the plaintiffs case must fail if the evidence shows only a possibility ' of a causative ■ accident or leaves it to speculation or conjecture.
Buxton, 09-0520, p. 12, 28 So.3d at 288.
I agree with the majority that Ms. Gaines suffered á work related accident as defined in La. R.S. 23:1021(1). But while the Touro records confirm that Ms. Gaines presented to the emergency room on 13 April 2013 complaining of acute low back pain, Touro’s records refute her contention that the dog-bite accident precipitated or caused the pain in her back. Specifically, the records indicate that the''onset of Ms. Gaines’ back pain commenced that same morning'as her hospital visit and make no reference at all to the dog-bite accident occurring at work five days earlier. The Touro records state that the cause of Ms. Gaines’ alleged back pain was of an “unknown origin.”
Home Care- contends that the OWC judge committed legal error by concluding that Ms. Gaines suffered a temporary total disability due to a back injury. I agree. Disability can be proven by medical and lay testimony. The trial court must weigh all the evidence, medical and lay, in order to determine if the claimant has met his or her burden. Bailey v. Smelser Oil & Gas, Inc., 620 So.2d 277, 281 (La.1993); Jackson v. Sysco Food Services, 05-1304, p-. 2 (La.App. 4 Cir. 6/7/06), 934 So.2d 191, 193. An OWC-judge’s factual findings as to whether a claimant is entitled to temporary total benefits are subject to the manifest error or clearly wrong standard of appellate review. Banks v. Indus. Roofing & Sheet Metal Works, Inc., 96-2840, pp. 7-8 (La.7/1/97), 696 So.2d 551, 556. The factual finding should be given great weight and should not be overturned absent manifest error. Bailey, 602 So.2d at 281. See also Johnson v. Ins. Co. of N. America, 454 So.2d 1113 (La.1984).
|7The record on appeal confirms that the OWC judge erred in concluding that Ms. Gaines carried her burden of proving her disability by clear and convincing evidence because (1) she failed to present any objective medical evidence to support her subjective complaints of back pain posb-18 September 2013, (2) the medical records show Concentra discharged her on 15 April 2013 to return to work without restriction following the dog-bite accident, and was discharged by Touro insofar as her back pain was concerned to return to work on 17 April 2013, and (3) she offered no documentary or other evidence suggesting she was physically disabled to return to any work beyond -18 September 2013.
This court has held that, although it may consider a claimant’s uncorroborated testimony of subjective pain concerning what physical limitations might be as a result of that pain, , the decision of the court should not be based solely on a claimant’s self-serving testimony on the ultimate issue of whether the claimant is able to work. Hall, 11-1131, p. 9, 95 So.3d at 1137; Duhon v. Holi Temporary Services, Inc., 97-0604, pp. 6-7 (La.App. 4 Cir. 10/1/97), 700 So.2d 1152, 1155. As this court stated in Duhon:
We are reminded in Banks [v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 8 (La.7/1/97), 696 So.2d 551, 556] of the “jurisprudential tenet that worker’s [sic] compensation is- to be lib *812 erally construed in favor, of coverage,” but we are also bound by La. R.S. 23:1221(3) (c) (ii) which provides that the burden on claimant is not a mere preponderance of the evidence, but one of “clear and convincing evidence” where the disability is “solely as a consequence of substantial pain.” The legislature obviously recognized the potential for abuse in this area when it enacted this heightened standard of proof.
Duhon, 97-0604, p. 7, 700 So.2d at 1155. See also Bethley v. City of New Orleans, 06-0921, p. 6 (La.App. 4 Cir. 10/18/06), 945 So.2d 738, 742.
Based upon a review of the totality of the record evidence in the case, sub judice, I find and conclude that the OWC judge was clearly wrong in finding that |sMs. Gaines proved by clear and convincing evidence, substantiated by objective medical evidence, that she was medically incapable of performing some type of work after mid-September 2013. Thus, at best, Ms. Gaines could be said to have been temporarily totally disabled only through the last day that Dr. Helm said she was to return to him, ie., 18 September 2013.
It is undisputed that Ms. Gaines continued to work full-duty following the accident on 8 April 2013 until 8 May 2013, when she followed up with Dr. Evans. Dr. Evans’ records contain a note on that date written by Monique Barconey, a registered nurse, stating that “[t]he named patient is under our care for a job related injury dated 04/08/13. She is incapacitated and unable to work until 5/13/13. Please excuse.” This is the first documented evidence relating Ms. Gaines’ back injury to the dog-bite accident. On 13 May-2013, Dr. Evans prepared a note stating that “[tjhis is to verify that Ms. Gaines remains under medical care for her injuries of 4/08/13. She will continue to be disabled and unable to work for the next one to two weeks.” Thereafter, on 25 May 2013, Ms. Gaines was again evaluated by Nurse Bar-coney at Dr. Evans’ office at which time she continued to complain of back pain. On that date, Ms. Barconey noted in her chart that Ms. Gaines “remains disabled, incapacitated at this time.” (I note, parenthetically, that the examination appears to have been performed by a nurse, not a physician; does that- mean that now the “diagnosis” by a nurse is sufficient to establish that a person is temporarily totally disabled? I find no law or jurisprudence that supports such a conclusion, even though the nurse’s notes are contained in the physician’s medical records.) Up to this point, Dr. Evans’ records do not reflect that any x-rays or other objective medical tests were ordered or obtained to substantiate Ms. Gaines’ subjective complaints of pain. Ms. Gaines did not return to Dr. Evans’ office for further evaluation until the following year in March 2014, at which time she began regular, if not monthly, treatment with Dr. Evans’ office, |9with the last visit documented in the record occurring on 21 January 2015. While the records reflect that an x-ray of Ms. Gaines’ lower spine may have been ordered on 18 March 2014, no report of that x-ray is contained in the record on appeal. Moreover, although most, but not all, of the records from Dr. Evans’ office from 18 March 2014 through 21 January 2015 reference Ms. Gaines” subjective complaints of back pain, none óf Dr. Evans’ records during that timeframe mention anything about Ms. Gáines being disabled or otherwise restricted from employment as a result of that back pain.
Pursuant to La. R.S. 23:1221(1) and based upon the applicable jurisprudence, I find the OWC judge manifestly erred in determining that Ms. Gaines proved by clear and convincing evidence that she was temporary total disabled from working and *813 entitled to receive indemnity benefits beyond 18 September 2013, which is the last documented reference to her disability from working contained in the record. Accordingly, I would reverse in part the OWC judgment awarding Ms. Gaines past temporary total disability benefits in the amount of $39,130.00 (104 weeks), and reduce that award to $7,148.75 (for 19 weeks — from 8 May 2013 to 18 September 2013 — at the stipulated rate of $376.25 per week).
Home Care avers that it paid in full all of the medical expenses incurred by Ms. Gaines for treatment that was related to her injuries sustained in the dog-bite accident and that the $1,082.63 medical expenses awarded by the OWC judge was for treatment of a back injury unrelated to the her work accident. Having previously determined herein that the OWC judge was not cleai'ly wrong in finding that Ms. Gaines’ back injury was caused by the dog-bite accident, I would affirm the award for past medical expenses finding them to be supported by invoices contained in the record on appeal.
Iiol would also affirm the OWC judge’s award for future medical expenses to the extent any such future medical expenses Ms. Gaines incurs is for treatment that is deemed medically necessary and also related to her back injury resulting from the dog-bite accident.
Home Care avers the OWC erred when it found Ms. Gaines disabled from employment by relying on the medical records of Dr. Evans that did not comply with the Louisiana’s Medical Treatment Guidelines. I disagree. Based upon review of the entirety of the record, including all of the medical records entered into evidence and the trial testimony of Ms. Gaines, as well as for the reasons stated heretofore in the section above pertaining to Ms. Gaines’ temporary total disability, I cannot say the OWC judge’s factual determination that Ms. Gaines was temporarily totally disabled — but solely for the period of 8 May 2013 through 18 September 2013 — was unreasonable or unsupported by the record. See Williams,, 07-0464, p. 2, 996 So.2d at 293.
For the foregoing reasons, I would affirm that portion of the OWC judgment finding that Ms. Gaines suffered a work accident resulting in a back injury; reverse that portion of the judgment awarding Ms. Gaines temporary total disability benefits after 18 September 2013; and affirm those portions of the judgment awarding past medical expenses in the amount of $1,082.63, and awarding future medical expenses Ms. Gaines’ incurs to the extent such medical expenses are deemed medically necessary and related to treatment for her back injury resulting from the dog-bite accident. Therefore, I respectfully dissent.

. The medical records of Dr. Helm at Louisiana Health Solutions evidence that Ms. Gaines was treated for her back pain related to the dog-bite accident for approximately two months — from June to August 2013. Although tire record on appeal contains no reports or evidence of any objective medical tests that may have been obtained by Dr. Helm to substantiate or otherwise explain Ms. Gaijies' subjective complaints of back pain, Dr. Helm diagnosed her with "lumbar strain, lumbar radiculopathy,” and opined that she was disabled from working. On' 19 June 2013, Ms. Gaines was restricted from heavy lifting and to limit her bending. While still determined to be disabled, no specific restrictions were documented on his 17 July 2013 and 21 August 2013 office entries.