ROLAND L. BELSOME, Judge.
11 This appeal challenges the Office of Workers’ Compensation’s ruling in favor of Kirk Janneck. The appellants, Chalmette Electric Company and Louisiana Workers’ Compensation Corporation (collectively referred to as “defendants”), seek to reverse the OWC’s finding that Mr. Janneck’s current mental condition is causally related to a motor vehicle accident which occurred during the course and scope of his employment.
On October 23, 2001, Mr. Janneck was operating a Chalmette Electric work van in route to pick up materials for a job. While stopped at a traffic light, Mr. Jan-neck was rear-ended by a sports utility vehicle that was exiting the Interstate. The sports utility vehicle collided with the rear of the van twice. Mr. Janneck suffered physical injuries to his head, neck, shoulder, arms, and upper body. The driver of the sports utility vehicle was uninsured.
By all accounts, Mr. Janneck was a loyal and reliable employee of Chalmette Electric for nearly twenty (20) years. However, subsequent to his work-related accident he not only suffered from his physical injuries but also began to experience major depression with an element of psychosis relating to fear, paranoia and delusion. Mr. Janneck’s physical and mental injuries prevent him from | ¿returning to work. The appellants have disputed that his psychological condition was causally related to the accident and withheld benefits for treatment for his mental illness. After a trial on the merits, the OWC found that there was clear and convincing evidence that Mr. Janneck’s mental illness was causally related to the accident. This appeal followed.
The judge’s findings of facts in a worker’s compensation case are reviewed under a manifest error standard. Dean v. Southmark Construction, 03-1051, p. 7 (La.7/6/04), 879 So.2d 112, 117. Thus, we will not set aside those findings unless they are clearly wrong in light of the *1009 record as a whole. Id. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact will not be disturbed upon review. Id. “Where there are two permissible views of the evidence, a fact-finder’s choice between them can never be manifestly erroneous or clearly wrong.” Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97), 696 So.2d 551, 556.
In the sole assignment of error presented on appeal the defendants contend that the workers’ compensation judge committed manifest error in finding that Mr. Janneck proved by clear and convincing evidence that his mental condition is related to the accident.[1] For the reasons that follow, we disagree.
| c,Louisiana law provides that when “a mental injury or illness develops secondary to a physical injury sustained in a work-related accident, a claimant is entitled to workers’ compensation benefits for any disability resulting from the mental injury or illness and to reimbursement for medical expenses for treatment of the mental injury.” Our Lady of Lake Regional Medical Center v. Matthews, 2006-1584, p. 4 (La.App. 1 Cir. 9/26/07) 971 So.2d 354, 357 (citing Charles v. South Central Industries, 96-0883 (La.11/25/96), 683 So.2d 706, 708). “[I]n order to obtain compensation benefits for a mental injury caused by a physical injury, (1) the claimant must prove by clear and convincing evidence that the physical injury caused the mental injury, (2) the mental injury must be diagnosed by a licensed psychiatrist or psychologist, and (3) the diagnosis must meet the American Psychiatric Associations’ diagnostic and Statistical Manual of Mental Disorders.” Jackson v. Sysco Food Services, 05-1304, p. 3(La.App. 4 Cir. 6/7/06), 934 So.2d 191, 194 (citing La. R.S. 23:2021(7)(d); Traweek v. City of West Monroe, 30,571 (La.App. 2d Cir. 5/13/98), 713 So.2d 655).
Following the October 2001 accident, Mr. Janneck was treated for his physical injuries. Soon thereafter, the pain and physical limitation triggered depression which escalated into Mr. Janneck’s current debilitating mental condition. Prior to the accident, Mr. Janneck had never exhibited signs of mental illness. In the years since the accident, Mr. Janneck has been evaluated by numerous mental health professionals. The evaluations were presented to the OWC at trial and are a part of the record on review.
The following are summaries of the evaluations presented to the OWC as evidence:
\4Pr. Balminder Mangat, a psychiatrist, provided a report in 2003 that diagnosed Mr. Janneck with “major depression with questionable element of psychosis relating to severe paranoia and delu *1010 sions” and a “pain disorder.” He further stated that depression is an element that can induce psychosis. He related the psychosis to the work injury since prior to the accident there was no history of symptoms.
Dr. Rennie Culver, a psychiatrist, found that Mr. Janneck suffered from delusional disorder, but did not relate the illness to the accident. The doctor further opined that Mr. Janneck’s delusional disorder is a pre-existing condition that manifested itself in the same general time frame as the accident.
Dr. Harold Ginzburg, a psychiatrist and independent medical examiner for this case, concluded from his evaluation of Mr. Janneck that there was a temporal relationship between the accident and its “sequelae”; ... but for the accident, the resulting medical events would not have occurred. He also stated that there is no means or manner in which to evaluate the nature and extent, if any, of any pre-existing delusional disorder without conducting interviews with his family and co-workers.
Dr. Richard Wakeman, psychologist, rendered an opinion on April 9, 2007 in which he stated that it is more probable than not that Mr. Janneck has had major psychological difficulties prior to the accident and the accident had no effect upon his mental state. However, on June 27, 2007, the doctor stated that “I have changed my opinion regarding both his diagnosis and its etiology. It is now my opinion, with the highest degree of psychological certainty that Mr. Janneck is suffering from major depressive Disorder, _LaSingle Episode, Severe, with (DSM_IV 296.24) Mood Congruent Psychotic Features. In addition he suffers from a significant pain disorder. It is my opinion that these pain and psychiatric disorders did not pre-exist his accident on 10/23/01, but are a direct result of that accident.”
Dr. Kevin Bianchini, a psychologist, evaluated Mr. Janneck in 2008 and concurred in Dr. Wakeman’s first evaluation, stating that the delusional disorder was not related to the work accident.
Dr. Paul Dammers, a psychologist and neuropsychologist, was appointed by the court as an independent medical examiner. In 2009, Dr. Dammers’ opinion was that the delusional disorder was not related to the work accident and was not caused by trauma. He also opined that causation relates more to Janneck’s personal constitution rather than any type of environmental occurrence.
In addition to the opinions rendered by licensed psychologists and psychiatrists, in accordance with La. R.S. 23:1021, Dr. John Olsen, a neurologist and Mr. Janneck’s treating physician since 2002, opined that the accident and subsequent injuries were a direct cause of his mental illness.
The workers’ compensation judge also heard testimony from Mr. Janneck’s family. Mrs. Janneck testified about their thirty (30) years of marriage and the drastic physical and mental changes in her husband since the accident. She described her husband before the accident as a loving family man who had a twenty year work history with Chalmette Electric. Mrs. Janneck also explained that since the accident he is a different man. She testified that he is regularly depressed and often angry, traits that he did not exhibit prior to the accident. The same sentiments were expressed in their daughter’s testimony.
IfiMr. Janneck also took the stand and described his life before and after the accident. He spoke of his desire to work and how he tried to continue working for approximately eleven (11) months. Ultimately, his physical pain and mental condi *1011 tion prevented him from performing his duties.
For Mr. Janneck to meet the “clear and convincing” evidence standard he must demonstrate that the causal relationship between his physical injury and his psychological injury is highly probable, or, much more probable than the injuries having no causal connection. See, Bethley v. Keller Const., 01-1085 (La.App. 1 Cir. 12/20/02), 836 So.2d 397; Traweek, supra; Morris v. Reve, Inc., 95-310 (La.App. 5 Cir. 10/18/95), 662 So.2d 525. The OWC concluded that “[t]he evidence overwhelmingly confirmed that the claimant’s mental illness is causally related to the accident ...” That finding is sufficiently supported by the record and we will not disturb it on appeal.
AFFIRMED

. La. R.S. 23:1021 (8)(c) and (d) establishes the employee’s burden in cases where mental injury or illness develops subsequent to a physical work related injury. Those provisions read as follows:
(c) Mental injury caused by physical injury. A mental injury or illness caused by a physical injury to the employee’s body shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence.
(d) No mental injury or illness shall be compensable under either Subparagraph (b) or (c) unless the mental injury or illness is diagnosed by a licensed psychiatrist or psychologist and the diagnosis of the condition meets the criteria as established in the most current issue of the Diagnostic and Statistical Manual of Mental Disorders presented by the American Psychiatric Association.