JAMES F. McKAY III, Judge.
bln this workers’ compensation case, the claimant, Kirk Janneck, appeals the trial court’s denial of attorney fees pursuant to La. R.S. 23:1201. We reverse and remand.
FACTS AND PROCEDURAL HISTORY
On October 23, 2001, Kirk Janneck was injured while in the course and scope of his employment with Chalmette Electric Company, Inc. As a result of this accident, Mr. Janneck experienced the exacerbation of a pre-existing mental condition, which caused the onset of a delusional disorder. Mr. Janneck sought benefits from his employer and Louisiana Workers’ Compensation Corporation (LWCC). LWCC denied Mr. Janneck’s request for benefits.
After his wage benefits had been terminated and authorization of medical treatment had been denied, Mr. Janneck filed a disputed claim for compensation on July 5, 2007.[1] His wage benefits were reinstated *241 six months later but LWCC refused to authorize and pay for psychological treatment. The matter proceeded to trial on March 8, 2010 but was continued until July 8, 2010. The only issue at trial |2was whether Mr. Janneck’s mental condition was causally related to the accident of October 28, 2001. On September 17, 2010, the trial court rendered its judgment and found that the evidence confirmed that the plaintiffs mental condition was exacerbated by the accident. The defendants appealed that judgment, but it was affirmed by this Court.[2]
On October 1, 2010, prior to the filing of the defendants’ appeal, the claimant’s counsel filed a motion to set attorney fees. A hearing on the motion was held on August 12, 2011. On October 10, 2011, the trial court rendered its judgment and found that the claimant’s attorney was entitled to attorney fees under La. R.S. 23:1143 but was not entitled to attorney fees under La. R.S. 23:1201. It is from this judgment that claimant now appeals. DISCUSSION
On appeal, Mr. Janneck raises the following assignment of error: the trial court erred in finding that the plaintiff is not entitled to attorney fees and/or penalties under La. R.S. 23:1201.
La. R.S. 23:1201 provides for penalties and attorney fees in workers’ compensation cases under certain circumstances. Section (F) of that statute, in pertinent part, reads as follows:
Failure to provide payment in accordance with this Section or failure to consent to the employee’s request to select a treating physician or change physicians when such consent is required by R.S. 23:1121 shall result in the assessment of a penalty in an amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in which any and all compensation or medical benefits Rremain unpaid or such consent is withheld, together with reasonable attorney fees for each disputed claim.
Furthermore, in pertinent part, Section (I) of that same statute provides the following:
Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of a penalty not to exceed eight thousand dollars and a reasonable attorney fee for the prosecution and collection of such claims. The provisions as set forth in R.S. 23:1141 limiting the amount of attorney fees shall not apply to cases where the employer or insurer is found liable for attorney fees under this Chapter.
An employer or compensation insurer has a duty to investigate and make every reasonable effort to assemble and assess factual and medical information in order to ascertain whether the claim was compensable before denying benefits. Parfait v. Gulf Island Fabrication, Inc., 97-2104 (La.App. 1 Cir. 1/6/99), 733 So.2d 11, 25. The Louisiana Supreme Court has held that in a workers’ compensation claim, the employer must adequately investigate the claim, and the crucial inquiry is whether the employer had an articulable and objective reason for denying or discontinuing benefits at the time it took that action. Williams v. Rush Masonry, Inc., 98-2271 (La.6/29/99), 737 So.2d 41, 46. When an employer fails to authorize necessary medical treatment, it is deemed to be *242 a failure to furnish workers’ compensation benefits and the failure to authorize such treatments subjects the employer to sanctions. Authement v. Shappert Engineering, 2002-1631 (La.2/25/03), 840 So.2d 1181, 1186.
In the instant case, Mr. Janneck’s initial psychiatrist, Dr. Balminder Mangut, diagnosed him with major depression with an element of psychosis relating to fear, paranoia and delusion. Dr. Mangut treated claimant from January 2003 through |4November 2004 and opined that there was no doubt in his mind that Mr. Jan-neck’s condition was related to his on the job injury.
Dr. Rennie Culver, a psychologist who saw Mr. Janneck only one time, found it difficult to attribute Mr. Janneck’s mental illness to the vehicular accident, but conceded that the injury may have caused Mr. Janneck to direct the focus of an underlying delusion system onto the somatic sphere and the vehicular accident could bear a relationship to the patient’s mental illness.
On June 29, 2004, an independent medical examination was conducted by Dr. Harold Ginzburg, a psychiatrist who was retained by OWC. He reported that there was a temporal relationship between the accident and its “sequelae” and but for the accident, the resulting medical events would not have occurred. In spite of these reports, the defendants, without any further investigation, terminated Mr. Jan-neck’s wage benefits and refused to pay for his psychiatric treatment.
In April of 2007, Mr. Janneck began treating with another psychologist, Dr. Richard Wakeman. Initially, Dr. Wake-man did not relate Mr. Janneck’s psychological condition to the accident. However, once he received and reviewed Mr. Janneck’s records, he opined that “with the highest degree of psychological certainty that Mr. Janneck is suffering from Major Depressive Disorder, Single Episode, Severe Mood Congruent Psychotic Features, in addition to significant pain disorder.” He further opined that the claimant’s pain and psychiatric disorders did not pre-exist his accident on October 23, 2001, but were a direct result of that accident.
On August 18, 2008, Mr. Janneck was examined by yet another psychologist, Dr. Kevin Bianchini. In his report, Dr. Bian-chini simply stated that he agreed with Dr. Wakeman that it was not likely that Mr. Janneck’s condition |5was caused by the October 23, 2001 accident, but he did concede that Mr. Janneck may have some subtle psychological difficulties related to the accident. It is interesting to note that Dr. Bianchini makes no mention of Dr. Wakeman’s change of opinion regarding the causation of Mr. Janneck’s mental conditions.
On July 8, 2009, Dr. Paul Dammers, a psychologist and neuropsychologist appointed by the OWC, conducted an IME of Mr. Janneck. Dr. Dammers reported that Mr. Janneck’s disability was primarily psychiatric and not directly related to physical injuries sustained in the work accident. However, he believed that Mr. Janneck was predisposed to this type of disorder and that a traumatic event could have highlighted that predisposition.
In addition to all of the psychiatric and psychological opinions relating Mr. Jan-neck’s mental conditions or at least their aggravation to the injuries from the accident, his treating physician since 2002, Dr. John Olson, a neurologist, was convinced that the accident and injuries were the direct cause of Mr. Janneck’s mental problems. In spite of this overwhelming evidence, the defendants refused to provide Mr. Janneck with psychiatric care until *243 after they were ordered to do so by the courts.
The Louisiana Supreme Court has held that in a workers’ compensation claim, the employer must adequately investigate the claim, and the crucial inquiry is whether the employer had an articulable and objective reason for denying or discounting benefits at the time it took that action. Williams v. Rush Masonry, Inc., 98-2271 (La.6/29/99), 737 So.2d 41, 46. In the instant case, based on the information they possessed, the defendants failed to adequately investigate Mr. Janneck’s claim. If the defendants had interviewed those close to Mr. Janneck, they would have discovered that he had never been treated in the past for | (¡psychological issues and that his symptoms did not manifest until the work related accident. Without this knowledge, the defendants did not have an objective reason for denying treatment.
A workers’ compensation claimant is entitled to penalties and attorney fees if benefits are withheld or terminated arbitrarily, capriciously, or without probable cause by employer. Faul v. Bonin, 95-1236, p. 8 (La.App. 3 Cir. 8/7/96), 678 So.2d 627. In determining whether an employer acted arbitrarily, capriciously or without probable cause in discontinuing the payment of compensation and medical benefits to trigger the imposition of attorney fees, arbitrary and capricious behavior consists of willful and unreasoning action, without consideration and regard for facts and circumstances presented, or of seemingly unfounded motivation. Killett v. Sanderson Farms, 2001-0277, p. 11 (La.App. 1 Cir. 5/10/02), 818 So.2d 853, 862. If an employer or insurer reasonably controverts a claim and then becomes aware of information that makes its controversion of that claim unreasonable, it must then pay the benefits owed or be subject to penalties and attorney fees from that point forward. Brown v. Texas-LA Cartage, Inc., 98-1063 (La.12/1/98), 721 So.2d 885, 890-891.
In the present case, the defendants became aware of numerous doctors who directly related Mr. Janneck’s mental illness to his work accident. The doctors relied on by the defendants agreed that delusional disorders are rare and either could not say what causes the disorder or agreed that if predisposed to the condition, an accident could manifest the disorder. Although the defendants may have reasonably controverted Mr. Janneck’s claim for treatment of his mental illness immediately following the accident, there came a time when the evidence was overwhelming that his disorder was related to the accident, making the ^defendants’ controversion of the claim unreasonable. Therefore, the defendants acted arbitrarily, capriciously and without probable cause when they disallowed payments for his treatment.
Although the workers’ compensation judge awarded attorney fees in accordance with La. R.S. 23:1143 and approved a 20% fee, there is no money judgment to collect this fee from. The judgment was that the claimant was entitled to the payment of all medical expenses, medication expenses, and transportation expenses in accordance with law. This award is for the medical providers to be paid, not the attorney. However, based on the record before this Court, it is clear the claimant is entitled to attorney fees.
CONCLUSION
Because the defendants acted arbitrarily and capriciously in controverting Mr. Jan-neck’s claim, he was entitled to attorney fees under La. R.S. 23:1201. Therefore, we reverse the trial court’s judgment in so far as it denied the claimant attorney fees under that statute and remand the matter for a hearing to determine the amount of *244 attorney fees to which claimant’s attorney is entitled.
REVERSED AND REMANDED

. Prior to this, Mr. Janneck filed a 1008 on May 10, 2007.

. Janneck v. LWCC, 2011-0027 (La.App. 4 Cir. 6/29/11), 70 So.3d 1007.