TERRI F. LOVE, Judge.
Iiln this workers’ compensation case, the defendant, Home Care Solutions, LLC (“Home Care”), appeals a judgment of the Office of Workers’ Compensation (“OWC”) rendered in favor of the plaintiff, Deborah Gaines (“Ms.Gaines”). The OWC found Ms. Gaines met her burden of proving that (1) she had suffered a work-related accident resulting in a back injury and (2) the back injury rendered her temporarily totally disabled entitling her to weekly compensation and medical benefits. On appellate review, we affirm the OWC’s judgment, finding Ms. Gaines presented clear and convincing evidence that she is entitled to temporary total disability benefits, past medical expenses, and “expenses for future reasonable and necessary medical treatment related to her work-related back injury.”

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On April 8, 2013, Ms. Gaines was employed by Home Care as a caregiver. While attending to her duties that day caring for a Home Care client, Ms. Gaines claims that she was bitten on the right leg by the client’s dog, a Scottish Terrier. The dog bite caused Ms. Gaines to jump backwards in a twisting motion resulting [gin injuries to her right leg and back. After reporting the accident to Home Care *798 the following day, Ms. Gaines was directed to Concentra Medical Center (“Concen-tra”) for treatment for the dog bite to her leg. She was treated at Concentra for her leg injury'on two separate occasions, April 9, 2013, and April 15, 2013, and was thereafter discharged to return to work without restrictions. Ms. Gaines contends that she repeatedly advised her employer of ongoing back pain resulting from the dog-bite accident. However, because the onset of her back pain did not manifest itself until several days following the accident, Home Care denied that a work-related accident caused Ms. Gaines’ alleged back injury and, consequently,- denied indemnity and medical benefits to her;
Ms. Gaines commenced this action on April 8, 2014, by filing a disputed claim for compensation (Form 1008) against Ho’me Care seeking to recover indemnity benefits and medical expenses resulting from her work-related back injury. Home Care answered the petition averring that'- Ms. Gaines did not sustain’an- “accident”-within the meaning of the- Louisiana Workers’ Compensation Act, while within its employ resulting in a back injury. ‘
Trial proceeded against Home Care bn March 9, 2015, at which time the parties stipulated to the following: (1) Ms. Gaines was employed with Home Care as a caregiver at the time the dog-bite incident occurred on April 8, 2013; and (2) on April 8, 2013, Ms'. Gaines was earning an average weekly wage of $564.94, with a corresponding workers’ compensation rate for temporary total disability, benefits, of $376.25 per week.
[aTwo witnesses were called at trial, Ms. Gaines and- Elliot Steven LeNormand, Jr. (“Mr. LeNormand”). The. parties introduced into evidence the medical records of Dr. Henry Evans (“Dr. Evans”) at Louisiana Medical Center, Louisiana Health Solutions, Ochsner Hospital, Concentra, Tou-ro Infirmary, and documents relating to an outstanding Medicaid lien in the amount of $275.53.'
Ms. Gaines’s Testimony
Ms. Gaines testified that on the date of the accident, she was in the process of bringing the Home Care client a snack whén the client’s dog grabbed onto her right thigh and bit her, causing her to jump backwards in a twisting motion. Ms. Gaines stated that she immediately felt a stinging sensation on her leg where-the dog bit her and, a few days later, felt pain in her back.. According to Ms. Gaines, she reported the accident to Shelly Green (“Ms.Green”) at Home Care the following day on April 9, 2013, and was directed to Concentra, where she was treated for the dog-bite injury to her right leg. She was scheduled for a follow-up appointment one week later.
, Ms. Gaines testified that on April 13, 2013, -five days after the accident, she presented to the emergency room at Touro Infirmary, complaining of pain in her abdomen and lower back. A CT scan of her abdominal cavity showed a small umbilical hernia-and-a cyst on her .liver. .After receiving prescriptions for pain medication, Ms. Gaines was instructed to follow-up with her primary care physician, Dr. Evans, in the next four' to six days. Ms. Gaines testified that she specifically told the emergency room physician at Touro about the earlier dog-bite | ¿accident, relating the onset of her acute back pain to this incident; and that she advised the physician that she-had a follow-up- visit scheduled at Concentra for several days later.
Ms. Gaines returned to ‘ Concentra for ■her ■ previously scheduled follow-up appointment on April 15, 2013, and testified that in addition -to the right leg pain she was experiencing, she also complained to the treating physician at Concentra of the pain in' her back, which she directly related *799 to the dog-bite incident. Despite her complaints of back pain, the treating physician at Concentra discharged her to return to work that day with no restrictions.
According to Ms. Gaines, she continued to work for Home Care for a month following the accident performing the full duties of her position ás a caregiver. During this time, she testified that she repeatedly informed her superior at Home Care, as well as a couple of her fellow employees, of her ongoing back problems, which she specifically related to the dog-bite accident.
Ms. Gaines further testified that on May 8, 2013, she followed up with Dr. Evans as previously instructed when she was discharged from the emergency room at Touro. Upon examination, Dr. Evans diagnosed Ms. Gaines with a lum-bosacral sprain, right buttock strain, and a laceration/contusion of the right lower thigh related to the dog-bite accident and determined that, as a result, she was incapacitated and disabled from working. She contends that she provided Home Care with documentation in the form of a work slip from Dr. Evans, stating that she was disabled from work because of “her injuries of 4/08/13.” Ms. Gaines | ^testified that, she continued to receive ongoing care and treatment from Dr. Evans for her low back pain and disability related to the dog-bite accident from May 2013 through the date of trial in March 2015, and asserted that Dr. Evans had not released her to return to work in any capacity during that time.[1] Despite Dr. Evans having declared Ms. Gaines disabled from working due to the work accident, Home Care denied indemnity and medical benefits to her.
Ms. Gaines also testified that she was also treated for her low back pain’ from June 2013 through August 2013 by Dr. Boyd Helm (“Dr. Helm”) at Louisiana Health Solutions, which pain he related to the dog-bite accident. Dr. Helm diagnosed Ms. Gaines with a lumbar strain and lumbar radiculopathy as a result of the accident and opined that her prognosis was “guarded.” He further concluded that Ms. Gaines was disabled from working during that time (June 2013 through mid-September 2013)[2] and restricted her from heavy lifting and recommended limited bending.[3]
On February 6, 2014, approximately ten months following the dog-bite'accident and nearly six months since her last treatment with Dr. Evans or Dr. Helm, Ms. Gaines presented to the emergency room at Ochs-ner Hospital where she complained of chronic pain to her lower back, in addition to pain associated with | r,an abdominal hernia.[4] Specifically, Ms. Gaines complained of lower back pain since she twisted it while being bitten by a dog at work in April of the previous year. According to the Ochsner records in evidence; Ms. Gaines’ physical examination and clinical history were consistent with a diagnosis of *800 “lumbago,” otherwise referred to as pain in the lumbar region of the back. Ms. Gaines was treated with analgesics and discharged with a prescription for pain and instructions to follow up with her primary care physician.
Ms. Gaines testified at trial that she remains under the care and treatment of Dr. Evans and has not returned to work in any capacity since May 8, 2013, when he declared her to be disabled from working. Moreover, she testified that Home Care has refused to pay her indemnity benefits or medical expenses despite her ongoing disability caused by the work-related accident.
Elliot LeNormand, Jr.’s Testimony
Mr. LeNormand, a registered nurse case manager for AM City Resources, testified on behalf of Home Care. He stated that he was the nurse case manager assigned to Ms. Gaines’ claim and was charged with coordinating her medical care for the injuries she received as a result of the dog-bite accident. He stated that on April 9, 2013, he received a telephone call from Michelle Lenore at Home Care advising that its employee, Ms. Gaines, had suffered a dog bite. Arrangements were made for Ms. Gaines to be treated at Concentra. According to Mr. LeNormand, Concentra’s records did not indicate to him that Ms. Gaines had | suffered any back injury as a result of the dog-bite accident. Further, he stated that his first knowledge that Ms. Gaines was complaining of back problems that she related to the accident was in May 2013 when he received an email, relating to a request for workers’ compensation information from Dr. Evans’ office. Mr. LeNor-mand testified that he requested and obtained Ms. Gaines’ medical records from Touro Infirmary and, to the best of his recollection, the records made no reference of a work-related injury to her back.
Following the trial, the OWC found that Ms. Gaines carried her burden of proving that she suffered a work-related accident causing injury to her back at the time she was bitten by the dog and, that as a result of her back injury, she was temporarily totally disabled from employment. The OWC rendered judgment on May 1, 2015, in favor of Ms. Gaines. The OWC judgment awarded her past temporary total disability benefits from the date of the accident to the present, past medical expenses, future reasonable and necessary medical treatment related to her work-related back injury, and future temporary total disability benefits until such time as she was released to return to work.[5]
From this judgment, Home Care appealed claiming the OWC erred as a matter of law: (1) in determining that during the course and scope of her employment as a caregiver Ms. Gaines suffered a work “accident” as defined by | sLa. 23:1021, causing injury to her lower back; (2) by finding that Ms. Gaines suffered a temporary total disability as a result of a back injury; and (3) by relying • on medical evidence that failed to comply with the mandates of the Louisiana Workers’ Compensation Medical Treatment Guidelines.

STANDARD OF REVIEW

“[T]he factual findings in a workers’ compensation cases are subject to the *801 manifest error or clearly wrong standard of appellate review.” Hahn v. X-Cel Air Conditioning Inc., 12-0236, p. 4-5 (La. App. 4 Cir. 1/9/13), 108 So.3d 262, 266. An appellate court cannot set aside the factual findings of a workers’ compensation judge unless they are clearly wrong in light of the entire record. Gray v. Marriott Residence Inn, 11-1068, p. 6 (La.App. 4 Cir. 2/1/12), 85 So.3d 163, 166-167 (citing Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94), 630 So.2d 706, 710). “In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfin-der’s conclusion was a reasonable one.” Seal v. Gaylord Container Corp., 97-0688, p. 4 (La.12/02/97), 704 So.2d 1161, 1164. Where two permissible views of the evidence exist, “a factfinder’s choice between them can never be manifestly erroneous or clearly wrong.” Id., 97-0688, p. 5, 704 So.2d at 1164. Accordingly, if, in light of the record reviewed in its entirety, the findings of the fact finder are reasonable, “the court of appeal may not reverse, even it is convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.” Id. In short, appellate courts are to defer to the reasonable | ¡/‘credibility calls and factual findings” of the OWC judge. Marti v. City of New Orleans, 12-1514, p. 17 (La.App. 4 Cir. 4/10/13), 115 So.3d 541, 552 (quoting Brown v. Offshore Energy Service, Inc., 47,392, p. 9 (La.App. 2 Cir. 8/8/12), 104 So.3d 494, 501). If the evidence contained in the record on appeal supports the factual determinations of the fact finder, we are required to affirm the findings. Williams v. Children’s Hospital, 07-0464, p. 2 (La. App. 4 Cir. 1/23/08), 996 So.2d 291, 293.
Conversely, when legal error interdicts the fact-finding process in a workers’ compensation case, the manifest error or clearly wrong standard of review no longer applies and de novo review of the matter is required. Marti, 12-1514, p. 17, 115 So.3d at 552-553 (citing Tulane University Hosp. & Clinic v. Lockheed Martin Corp., 11-0179, p. 3 (La.App. 4 Cir. 6/29/11), 70 So.3d 988, 990 and MacFarlane v. Schneider Nat’l. Bulk Carriers, Inc., 07-1386, p. 3 (La.App. 4 Cir. 4/30/08), 984 So.2d 185, 188). ‘.‘Likewise, interpretation of statutes pertaining to workers’ compensation is a question of law and warrants de novo.renew to determine if the ruling was legally correct.” Tulane Univ. Hosp. & Clinic, 11-0179, p. 3, 70 So.3d at 990; MacFarlane, 07-1386, p. 3, 984 So.2d at 188.

WORKERS’ COMPENSATION BENEFITS

To be entitled to receive compensation benefits under Louisiana’s workers’ compensation laws, the injury about which the employee complains must have resulted from an accident that arose out of and in the course of employment. La. R.S. 23:1031; Buxton v. Iowa Policy Dept., 09-0520, p. 11 (La.10/20/09), 23 So.3d 275, 283. “The chain of causation required by the statutory scheme as adopted by the legislature in La. R.S. 23:1031 is that the employment causes the accident, the accident causes injury, and the injury causes disability.” Id., 09-0520, p. 11-12, 23 So.3d at 283. “The provisions of the Louisiana workers’ compensation law are to be interpreted liberally in favor of the worker in order to effectuate its purpose of relieving workers of the economic burden of work-connected injuries by diffusing the' costs on channels of commerce.” McLin v. Industrial Specialty Contractors, Inc., 02-1539, p. 3 (La.7/2/03), 851 So.2d 1135, 1139. “Nevertheless, despite such liberal'construction, the worker bears the burden of proving the personal injury [resulting from a work accident] by *802 a preponderance of the evidence.” Id.; La. R.S. 23:1031. In Buxton, quoting its earlier pronouncement set forth in Prim v. City of Shreveport, 297 So.2d 421, 422 (La. 1974), the Supreme Court stated:
Although procedural rules are construed liberally in fávor of workmen’s compensation claimants, the burden of proof, by a preponderance of the evidence, is not relaxed. Thus, the testimony as a whole must show that more probably than not an employment accident occurred and that it had a causal relation to the disability. If the testimony leaves the probabilities equally' balanced, the plaintiff has failed to carry the burden of persuasion. Likewise, the plaintiffs case must fail if the evidence shows only a possibility of a causative accident or leaves it to speculation or conjecture.
Buxton, 09-0520, p. 12, 23 So.3d at 283.

APPLICATION OF LA. RS. 23:1021(1)

In its first assignment of error, Home Care contends the OWC erred as a matter of law by incorrectly applying La. R.S. ■ 23:1021(1) when it determined that Ms. Gaines proved by a preponderance of the evidence that she had suffered an | n “accident” in the course of her employment as a caregiver which resulted in a back injury. We disagree. “Accident” is statutorily defined as: ■
... an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.
La. R.S. 23:1021(1).
Home Care does not dispute that Ms. Gaines proved a work-related accident oc-' curred which resulted in an injury to her right leg when the dog bit her[6], but rather, it maintains that she failed to prove by a preponderance of the evidence that this “accident,” as defined in La. R.S. 23:1021, caused her back injury. Home Care avers that La. R.S. 23:1021(1) excludes from the definition of “accident” conditions that are caused by a progressive deterioration, inferring that progressive deterioration rather than the dog-bite accident precipitated the onset of Ms. Gaines’ low back pain.
Home Care argues that the medical records show that Ms. Gaines was treated at Concentra for her injury resulting from the dog-bite accident, which was solely to her right leg, and was released without restriction to return to work one week later. In support of its position, Home Care notes that, the medical records from Concentra are devoid of any reference to Ms. Gaines complaining of back pain. Home Care further argues that while the Touro Infirmary records confirm that Ms. Gaines presented to the emergency room on April 13, 2013, complaining of acute low back pain, Touro’s records refute her contention that the dog-bite | ^.accident precipitated or caused the pain in her .back. Specifically, the records indicate that the onset of Ms. Gaines’ back pain commenced that same morning and make no reference at all to the dog-bite accident occurring at work five days earlier. Additionally, the Touro records state that the cause of Ms. Gaines’ alleged back pain was of an “unknown origin.” According to Home Care, because the medical records from Concen-tra and Touro contradict rather than corroborate Ms. Gaines’ claim that the work-related accident caused her back injury (i.e., Concentra’s records documenting treatment for the dog-bite accident make *803 no mention of a related- back injury and Touro’s records documenting treatment for back pain make no mention of a dog-bite accident occurring at work), she failed to prove by a preponderance of the evidence that she sustained a work “accident” resulting in an injury to her back as required by the • Louisiana Workers’ Compensation Act.
In determining whether a claimant has satisfied his or her burden of proving a work-related accident, “the trial court should accept as true a witness’ un-contradicted testimony, although the witness is a party,' absent ‘circumstances that would cast' suspicion on the reliability of the testimony.’ ” Marti, 12-1514, p. 19-20, 115 So.3d at 554 (quoting West v. Bayou Vista Manor, Inc., 371 So.2d 1146, 1147 (La.1979)). A trial court’s determination as to the credibility of the worker’s testimony and as to whether the worker has satisfied the burden of proof are factual determinations that -must not be disturbed on review unless .manifestly erroneous or clearly wrong. Id,, 12-1514, p. 20, 115 So.3d at 554.
I iaIn the instant case, the OWC implicitly determined that Ms. Gaines’ testimony, including her version of the dog-bite accident and her claimed resulting back injury, was credible. When describing the dog-bite accident, Ms. Gaines consistently stated that when the dog grabbed her thigh, she jumped backwards and twisted her back. She stated that no other incident occurred between having twisted her back while being bitten by the dog and five days later when she presented to Touro’s emergency room complaining of back pain. Further, Ms. Gaines testified that although no reference to the dog-bite accident is noted in the Touro records, she recalled having specifically advised the emergency room personnel at Touro that she had twisted her back when the dog bit her. Additionally, Ms. Gaines testified that she repeatedly, complained to Ms. Green and other employees at Home Care of her back pain and, when doing so, related the onset of her pain to the April 8, 2013 accident. Lastly, no evidence was presented to suggest Ms. Gaines' suffered from a pre-exist-ing back condition or of some other cause of her back pain. Both Drs. Evans and Helm specifically related Ms. Gaines’ back injury to .the April-8,2013 accident she had at work.
Básed upon our review of the totality of the record, we cannot say that the OWC was manifestly erroneous or clearly wrong in determining that Ms. Gaines’ back injury was caused by the work-related dog-bite “accident” as’defined by the Louisiana Workers’ Compensation Act. Accordingly, Home Care’s first assignment of error is without merit.
| uTEMPORARY TOTAL DISABILITY
In its second assignment of error, Home Care contends that the OWC committed legal error by concluding that Ms. Gaines suffered a temporary total disability due to a back injury. To prove entitlement to temporary total disability benefits, an employee must prove by “clear and convincing evidence, unaided by the presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardT less of the nature or character of the work, including but not limited to employment while working in pain.” . La. R.S. 23:1221(1)(c); See also Williams, 07-0464, p. 3, 996 So.2d at 293. The burden of proof by clear and convincing. evidence “means to demonstrate that the existence of a disputed fact is much more probable than its nonexistence.” Hall v. MacPapers, Inc., 11-1548, p; 5-6 (La.App. 4 Cir. 5/30/12), 95 So.3d 1131, 1135 (quoting Molinere v. Vinson Guard Service, Inc., 05- *804 0116, p. 5 (La.App. 4 Cir. 7/13/05), 914 So.2d 566, 571). Also, to carry the burden of proving disability by clear and convincing evidence, the employee must present “objective medical evidence” of the disabling injury. Duplessis v. Tulane University Medical Center, 10-0267, p. 3 (La.App. 4 Cir. 8/25/10), 47 So.3d 992, 995. “Stated otherwise, to satisfy the elevated burden of proving by clear and convincing evidence, the jurisprudence recognizes that the claimant must introduce medical evidence of a disability.” Id.; See also Williams, 07-0464, p. 3, 996 So.2d at 293-294; Jackson v. Sysco Food Services, 05-1304, p. 2 (La.App. 4 Cir. 6/7/06), 934 So.2d 191, 193; Daniel v. New Orleans Pub. Serv., 02-2427, p. 6 (La.App. 4 Cir. 12/3/03), 861 So.2d 721, 726.
“Disability can be proven by medical and lay testimony. The trial court must weigh all the evidence, medical and lay, in order to determine if the claimant has met his or her burden.” Bailey v. Smelser Oil & Gas, Inc., 620 So.2d 277, 280 (La.1993); Jackson, 05-1304, p. 2, 934 So.2d at 193 (plaintiff failed to meet her burden of proof that she was physically unable to perform any type of employment).
The OWC’s factual findings as to whether a claimant is entitled to temporary total benefits are subject to the manifest error or clearly wrong standard of appellate review. Banks v. Indus. Roofing & Sheet Metal Works, Inc., 96-2840, p. 7-8 (La.7/1/97), 696 So.2d 551, 556. The factual findings should be given great weight and should not be overturned absent manifest error. Bailey, 602 So.2d at 281; See also Johnson v. Ins. Co. of N. America, 454 So.2d 1113 (La.1984). Thus, this Court’s role is to determine whether the decision was a reasonable one in light of the record.
According to Home Care, the OWC erred in concluding that Ms. Gaines carried her burden of proving her disability by clear and convincing evidence because (1) she failed to present any objective medical evidence to support her subjective complaints of back pain, (2) the medical records show Concentra discharged her on April 15, 2013, to return to work without restriction following the dog-bite accident, and was discharged by Touro Infirmary insofar as her back |1fipain was concerned to return to work on April 17, 2013, and (3) she offered no documentary evidence suggesting she was physically disabled to return to work beyond May 2013.
“This Court has held that, although it may consider a claimant’s uncorroborated testimony of subjective pain concerning what his/her physical limitations might be as a result of that pain, the decision of the court should not be based solely on a claimant’s self-serving testimony on the ultimate issue of whether the claimant is able to work.” Hall, 11-1131, p. 9, 95 So.3d at 1137 (citing Duhon v. Holi Temporary Services, Inc., 97-0604, p. 6-7 (La. App. 4 Cir. 10/1/97), 700 So.2d 1152, 1155). As this court stated in Duhon:
We are reminded in Banks [v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 8 (La.7/1/97), 696 So.2d 551, 556] of the “jurisprudential tenet that worker’s [sic] compensation is to be liberally construed in favor of coverage,” but we are also bound by La. R.S. 23:1221(3)(c)(ii) which provides that the burden on claimant is not a mere preponderance of the evidence, but one of “clear and convincing evidence” where the disability is “solely as a consequence of substantial pain.” The legislature obviously recognized the potential for abuse in this area when it enacted this heightened standard of proof.
*805 Duhon, 97-0604, p. 7, 700 So.2d at 1155. See also Bethley v. City of New Orleans, 06-0921, p. 6 (La.App. 4 Cir. 10/18/06), 945 So.2d 738, 742.
Nonetheless, Louisiana jurisprudence recognizes that “[a]n injured worker is entitled to receive temporary total disability benefits from the date of his disabling injury until either party shows a lawful ground for a change in his status.” Hodges v. Quail Tools, Inc., 97-1340, p. 5 (La. App. 3 Cir. 3/6/98), 709 So.2d 975, 978; See also Johnson v. Ins. Co. of N. America, 454 So.2d 1113, 1117-19 (La.1984).
|17We find the OWC did not commit manifest error in concluding that Ms. Gaines proved by clear and convincing evidence that she was medically incapable of performing any type of employment.
The medical records show that Ms. Gaines was treated on two occasions within a week of the dog-bite accident by Con-centra and, on both occasions, was released to return to regular duty work. Five days after the incident, Ms. Gaines presented to the emergency room at Touro with complaints of “pain in back, buttocks, and abdomen.” A CT scan of Ms. Gaines’ abdomen and pelvis indicated an umbilical hernia and a cyst on her liver. Although the Touro medical records note the “[m]echanism of [i]njury” as “unknown,” Ms. Gaines testified at trial that she specifically told the emergency room physician at Touro about the dog-bite accident, relating the onset of her back pain to this incident. Additionally, she advised the physician that she had a follow-up visit scheduled at Concentra for several days later. Ms. Gaines was discharged from Touro Infirmary’s emergency room with •prescriptions for pain and instructions to follow-up with her primary care physician in “4-6 days.” Included in the medical records was a “work excuse” stating Ms. Gaines “may return to work on 4/17.” No physical limitations of restrictions- were noted.
Neither party disputes that Ms. Gaines continued to work full-duty following the accident on April 8, 2013 until May 8, 2013, when she followed up with Dr. Evans. Nevertheless, Ms. Gaines testified at trial that she repeatedly informed her superior at Home Care, as well as fellow employees, of her ongoing back problems, which she specifically related to the dog-bite accident. Dr. Evans diagnosed Ms, Gaines with a lumbosacral sprain, right buttock strain, and a laceration/contusion of the right lower thigh related to the dog-bite accident and | ^determined that, as a result, she was incapacitated and disabled from working. His records contain a note from May 8, 2013, ■ written by Monique Barconey (“Ms. Barconey”), a registered nurse, stating that “[t]he ... named patient is under our care for a job related injury dated 04/08/13. She is incapacitated and unable to work until 5/13/13. Please excuse.” On May 13, 2013, Dr. Evans noted in Ms. Gaines’ chart that she “move[d] about in a slow and guarded manner.” On that date, he prepared a note stating that “[t]his is to verify that Ms. Gaines remains under medical care for her injuries of 4/08/13. She will continue to be disabled and unable to work for the next one to two weeks.” Thereafter, on May 25, 2013, Ms. Gaines was again evaluated by Ms. Barconey at which time Ms. Gaines complained of on-going back pain. On that date, Ms. Barconey noted her “objective findings” in her chart that Ms. Gaines experienced “difficulty sitting” and has “trouble rising from a seated position.” The objective findings also noted “facial grimacing” when Ms. Gaines attempted to touch her toe, “poor endurance,” and an inability “to perform heel walk and toe walk.” Further, Ms. Barconey noted in *806 her chart that Ms. Gaines “remains disabled, incapacitated at this time.”
Ms. Gaines did not return to Dr. Evans’ office for further evaluation until the following year in March 2014. However, the record indicates Ms. Gaines explained to the, attending physician oh February 6, 2014, when she presented to Ochsner’s emergency room complaining of back pain, that she did not follow-up with Dr. Evans as she was advised because she no longer had insurance or Medicaid. Ms. Gaines resumed treatment with Dr. Evans from March 18, 2014, |1flthrough January 21, 2015. The medical records indicate that Dr. Evans ordered an x-ray exam of Ms. Gaines’ lower spine, as well as an MRI of her lumbar spine.[7]
The medical records of Dr. Helm at Louisiana Health Solutions reflect that Ms. Gaines was treated for her bhck pain relating to the dog-bite accident for approximately two months, from June to August 2013.[8] On June 19, 2013, Ms. Gaines was restricted from heavy lifting and to limit her bending. On July 17, 2013, and August 21, 2013, Ms. Gaines was determined to be disabled, although no specific restrictions were documented. Dr, Helm’s records of Ms. Gaines -notes that on August 21, 2013, Ms. Gaines’ “lower back pain has improved with some therapy,” but “[s]he still has significant pain, in her lower back due to a work related injury that occurred on 4/8/2013.” He noted Ms. Gaines subjective complaints that her back pain is “particularly significant at night.” In addition, Dr. Helm conducted a physical examination of Ms. Gaines, He indicated in her chart that she had “limited range of motion in flexion and extension” of her lumbar spine due .to pain, Dr. Helm diagnosed her with “lumbar strain and lumbar radiculopathy,” ordered a lumbar MRI, and opined that she was disabled from working. .
The record demonstrates that the last medical findings from Drs. Evans and Helm placed Ms. Gaines on a disabled, no-work status. Additionally, Ms. Gaines testified that Dr. Evans continued her on a no-work, status at her last documented [ govisit on January 21, 2015,[9] By contrast, while Home Care disputes that Ms. Gaines’ back injury is work-related and would not authorize medical treatment for her back, Home Care failed to present objective evidence to challenge that Ms. Gaines’ back injury rendered her temporarily totally disabled and unable to return to work. .
It is well established in Louisiana jurisprudence that where the defendant presents no ’ evidence that the employee was able to return to work or that her treating physician released her to return to work in any capacity, there is no a lawful ground , for a change in her status. Hodges, 97-1340, p. 5, 709 So.2d at 978. Home Care failed to present evidence to support a change in Ms. Gaines’ temporary *807 total disability status. Therefore, we find no manifest error in the OWC’s determination that Ms. Gaines proved by clear and convincing evidence, including objective medical evidence and lay testimony, that she was temporarily totally disabled from working and entitled to receive indemnity benefits. Accordingly, we affirm the OWC judgment awarding Ms. Gaines past temporary total disability benefits in the amount of $39,130.00 (at the stipulated rate of $376.25 per week for 104 weeks).

MEDICAL EXPENSES

The OWC awarded Ms. Gaines past medical expenses in the amount of $1,082.63 and “expenses for future reasonable and necessary medical treatment related to her work-related back injury.” “An employer has a statutory duty to furnish all necessary medical treatment caused by a work-related injury. La. R.S. |2l23;1203[ (A) ]. The right to reimbursement for medical expenses is separate and distinct from the right to [indemnity benefits].” Daniels v. Keller Supply Inc., 02-2767, p. 9 (La.App. 4 Cir. 8/6/03), 854 So.2d 416, 422 (citing Parfait v. Gulf Island Fabrication, Inc., 97-2104, p. 9 (La.App. 1 Cir. 1/6/99), 733 So.2d 11, 19). “Whether the claimant is entitled to medical benefits is ultimately a question of fact, and the fact finder’s resolution of that issue may not be disturbed on appeal in the absence of manifest error or unless clearly wrong.” Id.
To recover medical expenses authorized under La. R.S. 23:1203, the claimant must prove by a preponderance of the evidence that the expenses are reasonably necessary for treatment of a medical condition caused by the work injury. Montana v. City of New Orleans, 95-1701, p. 9 (La.App. 4 Cir. 6/5/96), 682 So.2d 239, 245. The claimant must-prove the necessity of the treatment and the causal connection between the treatment and the work-related accident. Church Mut. Ins. Co. v. Dardar, 13-2351, p. 14-15 (La.5/7/14), 145 So.3d 271, 281(quoting Frye v. Olan Mills, 44,192, 44,193, 44,194, 44,195, p. 4-5 (La. App. 2 Cir. 4/8/09), 7 So.3d 201, 204-05). A claimant “is not entitled to recover for medical expenses where he or,she fails to substantiate a claim.” Daniels, 02-2767, p. 9, 854 So.2d at 422, “Nonetheless, when a claimant alleges that he or she incurred medical expenses and a bill supports that allegation, unless there is sufficient contradictory evidence or reasonable suspicion that the bill is unrelated to the accident, it is sufficient to support the inclusion of the item in the judgment.” Id.
122Home Care avers that it paid in'full all of the medical expenses incurred by Ms, Gaines for treatment that was related to her injuries sustained in the dog-bite accident and that the $1,082.63 medical expenses awarded was for treatment of a back injury unrelated to the her work accident. Having previously determined herein that the OWC was not clearly wrong in finding that Ms. Gaines’ back injury was caused by the dog-bite accident, we affirm the award for past medical expenses, finding them to be supported by invoices contained in the record on appeal.
We also affirm the OWC’s award for future medical expenses to the extent any such future medical expenses Ms, Gaines incurs is for treatment that is deemed medically necessary and related to her back injury resulting from the dog-bite accident.

DISABILITY FROM EMPLOYMENT

. In its last assignment of error, Home Care avers the OWC erred when it found Ms. Gaines disabled from employment by relying on the medical records of Dr. Evans that did not comply with Louisiana’s Medical Treatment Guidelines. We dis *808 agree. Based upon our review of the record, including all of the medical records entered into evidence and the trial testimony of Ms. Gaines, as well as for the reasons stated heretofore in the section above pertaining to Ms. Gaines’ temporary total disability, we cannot say the OWC’s factual determination that Ms. Gaines was temporarily totally disabled was unreasonable or unsupported by the [ ¡^record. Accordingly, we affirm the findings. Williams, 07-0464, p. 2, 996 So.2d at 293.

DECREE

For the foregoing reasons, we affirm that the OWC judgment finding that Ms. Gaines suffered a work accident resulting in a back injury, awarding Ms. Gaines temporary total disability benefits in the amount of $39,130.00. Moreover, we affirm those portions of the judgment awarding past medical expenses in the amount of $1,082.63, and awarding future medical expenses Ms. Gaines incurs to the extent such medical expenses are deemed medically necessary and related to treatment for her back injury resulting from the dog-bite accident.
AFFIRMED

. Dr. Evans has recommended a lumbar MRI, which was never approved by Ms. Gaines’ employer and, consequently, has not been performed.

. Dr. Helm’s office notes on August 21, 2013, indicate that Ms.' Gaines’ “work status” was "disabled.” He noted that she was to return • to the clinic four weeks from that date. Accordingly, Dr. Helm's records suggest that he was of the medical opinion that Ms. Gaines-would have remained disabled from working at least until such time as she returned to the clinic for follow-up treatment four weeks from August 21, 2013.

. Dr. Helm also ordered a lumbar MRI, which Home Care declined to approve and, thus was never obtained.

. A notation in Ochsner’s records indicates that Ms. Gaines ceased treatment for her back injury because she was without the ability to pay for the medical bills.

. The May 1, 2015 judgment specifically awards Ms. Gaines the following: past temporary total disability benefits at a rate of $376.25 per week from May 8, 2013, through the date of judgment, for a total of 104 weeks, totaling $39,130.00; past medical expenses in the amount of $1,082.63 (which includes a Medicaid lien of $275.63, and $807.00 to Louisiana Health Solutions); expenses for future reasonable and necessary medical treatment related to her work-related back injury; and future temporary total disability benefits until she was released to return to work.

. Home Care argües that all medical and' compensation benefits related' to the injury occasioned to Ms. Gaines' right leg as á result of the dog-bite accident have been paid.

. There is no evidence in the record of any x-ray or MRI performed.

, Dr. Helm’s records indicate that when he evaluated her on August 21, 2013, for her work-related back injury, he found her to be disabled from working on that day and advised her to return to the clinic for further evaluation in four weeks. While the records reflect that Ms. Gaines received some type of physical therapy at the Louisiana Health Solutions clinic on the 22nd, -29th and 30th of August 2013, she did not return to the clinic for further «evaluation or treatment after August 30, 2013. • .

.While Ms. Gaines testified that Dr. Evans provided her with an “out-of-work slip” during the week prior to trial, the slip was not introduced into evidence at trial. Even so, the OWC implicitly found Ms. Gaines’ testimony credible given its decision to award her temporary total disability benefits through the date of the judgment,